Original

In The United States District Court for the Northern District of Ohio.

2010 JAN 5 PM 3:45
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND
FILED

Carolyn Ford (
( cr# 1:10CV0020
Paintiff ( JUDGE BOYKO
(
VS. (
(
Saxon Mortgage Services, Inc., (
Novastar Mortgage, Inc., A. Virginia (
Corperation, Deutsche Bank (
National Trust Company, Novastar (
Mortgage Funding Trust, Mortgage (
Electronic Systems, Inc. (
(

Jurisdiction - (TILA) 15 USC 1601 & 1635 (RESA) 12 USC 2605 - Diversity
Venue - Novastar's address is in Independence, Ohio

COMPLAINT

FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

1. Carolyn Ford and Robert Ford live together as man and wife at 1250 Bridge Rd, Arab, Alabama, a house which is the subject of this lawsuit and the Defendants have scheduled to foreclose on a mortgage on January 7th, 2010.

2. As alleged later in this complaint, the Defendants are in violation of federal laws from the inception of the loan on NOVEMBER 13, 2006 and during the period after default and as recently as August 2009 when a loan modification agreement was re-neged upon.

3. On or about NOVEMBER 13, 2006 Carolyn Ford mortgaged her house in Arab, Alabama to Novastar Mortgage Co. Inc. (a Virginia corporation). The property had been deeded to her with two acres from The Ford Foundation, a non-profit entity located in Marshall County, Alabama.

4. The plaintiff's husband, Robert H. Ford, attended the loan closing. Robert H. Ford was never on the deed with Carolyn Ford. Robert H. Ford had never been told that he would be requested or required to sign the mortgage as a pre-requisite for Carolyn Ford's receiving the title to the property and to receive the mortgage money.

*[Page contains faint, upside-down handwritten text that is largely illegible. Visible fragments (read inverted) appear to include "Montana", "Ohio", "1:100,1020", "University", "Hempstead, Ohio", "February (3) 2010", and "November 23, 2009".]*

5. Robert H. Ford and Carolyn Ford were told for the first time at the closing that Robert H. Ford would have to sign the mortgage as a pre-requisite for the deal. All parties had been working for months to pull the deal together so even though Robert H. Ford voiced his objections, he relented and signed the mortgage.

6. Carolyn made the payments (over $3000.00 per month) for about 2 years, until her health began to fail. She became very ill in late 2006, first with serious digestive problems then 3 herniated discs followed by 2 knee surgeries on the same knee. Carolyn fell behind on her mortgage payments.

7. Defendant Saxon Mortgage Company began writing letters demanding payments. The plaintiff wrote several letters explaining the circumstances of Carolyn Ford's health and requesting information about the Novastar Mortgage Company none of which were ever acknowledged.

8. After some period of time Saxon Mortgage Company hired attorneys to foreclose on the mortgage and a foreclosure sale was scheduled for July 9th, 2009.

9. Because Carolyn Ford was bed-bound from a knee surgery, Robert Ford Negotiated a telephone loan modification agreement (oral agreement) deal with Saxon Mortgage Company wherein it was agreed that Carolyn Ford could pay $1240.00 per month for five years and keep the house.

10. Saxon Mortgage Company (for itself and for Novastar and/or Deutschbank) agreed to mail the agreement to Carolyn Ford at 1250 Bridge Rd, Arab, Alabama 35016. The agreement was to be mailed within 10 days (around July 19th,2009) and the first payment was to be made in August 2009.

11. The agent for Saxon said on the phone that we (the parties to the agreement) were taking advantage of a federal program which allowed for this loan modification.

12. The loan package never arrived at its destination. In fact UPS delivered it to the wrong address somewhere in Ft. Worth, Texas.

13. So, in November 2009 Saxon hired lawyers to again commence foreclosure Robert H. Ford called Saxon and Saxon confirmed that they had made a mistake. They called UPS and the routing number 1256213001003555533 confirmed a delivery to someone in Ft. Worth, Texas on July 17th, 2009.

14. Robert Ford asked the Saxon agent (named Kevin) to re-send the contract. Kevin called back and said that the "federal program" had expired and therefore we had lost the benefits of the program.

15. Digressing to the time of the original foreclosure set for July 9th, 2009, the defendants Saxon and Novastar were notified on May 26th and June 2nd, 2009 by the plaintiff's attorney Earl Underwood that they were demanding the production of certain key documents as a qualified written request under the Real Estate Settlement Act 12 US.C 2605 ©.

16. These three defendants totally ignored these requests (a copy of the requests are Marked Exhibit A & B to this complaint).

17. Saxon Mortgage Services Inc. actually acknowledged receiving at least one of These requests and refused to comply. (See Ex. C)

18. Attorney Earl Underwood's letter of June 2nd, 2009 addressed and delivered to Saxon and Novastar also notified them of the exercise (by the plaintiff) of their right to rescind the above loan pursuant to 15 U.S.C. 1635. (See Ex. B)

19. The reasons as stated in the June 2nd, 2009 letter for exercising the right of rescission was the failure of Novastar to comply with disclosure requirements set out in the Federal Truth in Lending Act 15 U.S.C. 1601 et seq. (TILA). Also, the plaintiff had improper right to cancel notices and the finance charges paid by the Fords were understated.

20. Without the documents which the defendants are illegally withholding the plaintiff cannot determine whether the alleged assignment of the loan and mortgage to Deutchbank was legal. The plaintiff has been trying to get this information ever since Saxon first notified them that they were acting for Novastar. (at least 18 months ago)

21. The plaintiff may in addition to the right of rescission, the right to money damages and attorney fees for TILA violations, may be able to show a lack of standing on the part of Saxon and/or Deutchbank to pursue foreclosure. The plaintiff well asks this Honorable Court for orders requiring the production of these documents.

22. The plaintiff alleges that based upon practices by Deutchbank in many other cases (including at least 14 cases in Ohio under Judge Boyko in October 31st, 2007) that Deutchbank as an alleged securitized trust is filing foreclosure papers against the plaintiff when they never held or owned the mortgage at the time of the foreclosures. (either July 9th, 2009 or January 7th, 2010)

      That means that the loan was clearly in default at the time of the eventual transfer of ownership of the mortgage loans to the trusts. So the loan was being held by Novastar, the originating lenders after the alleged "sale" to the trust despite what may be required by the pooling and servicing agreements between these defendants and despite what the securities laws require. (See Ex. D & E)

23. Therefore, plaintiff alleges that before the defendants Novastar, Deutchbank or Saxon proceed with foreclosure, they have a duty to comply with the law under 12 USC 2605 ©.

## LEGAL CLAIMS

24. Plaintiff alleges that the defendants are liable to them as alleged in the complaints above for breach of contract, frauds, violations of 12 USC 2605© for violations of the Truth in Lending Act (TILA), and violations of the securities laws of the United States. The plaintiff requests the Court to allow amendments to the complaints after discovery of the necessary documents and/or if and when these pro-se plaintiff can obtain the services of attorneys.

Wherefore, plaintiff requests this Honorable Court to decide all issues of law, to enter orders consistent with the evidence and the law for damages for expenses, with attorney fees if and when plaintiff obtains counsel and any statutory damages allowed by law.

Respectfully,

Carol S. Ford

Carol S. Ford
1250 Bridge Rd
Arab, Al. 35016
256-264-4103

JURY DEMAND

Plaintiff requests trial by jury for any issues so triable.

X Carol S. Ford

Carol S. Ford, Plaintiff Pro-Se
1250 Bridge Rd.
Arab, Al. 35016
256-264-4103

Defendants may be served at these addresses:

Deutchbank National Trust Company
C/o Agent
Cynthia Williams
2311 Highland Av. S.
Birmingham, AL. 35205

Novastar Mortgage Funding Trust
C/o Agent
Cynthia Williams
2311 Highland Av. S.
Birmingham, AL 35205

Novastar Mortgage Inc.
6200 Oak Tree Blvd 3rd Floor
Cleveland, Ohio 44131
Or
8140 Ward Pkwy Suite 300
Kansas City, MO 64114

Mortgage Electronic Registration Systems Inc.
C/o Agent
Cynthia Williams
2311 Highland Av. S.
Birmingham, AL - 35205

Saxon Mortgage Services Inc.
P.O.Box 161489
Fort Worth, Tx 76161-1489
Or
4101 Cox Rd Suite 100
Green Allen Va. 23060